NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

06-1592

SUCCESSION OF

CAROL ALYENE FINNEGAN

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
SEVENTH JUDICIAL DISTRICT COURT,
PARISH OF CONCORDIA, NO. 39,558, DIV. B
HONORABLE LEO BOOTHE, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

J. DAVID PAINTER
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Elizabeth A. Pickett, Billy H. Ezell, and J. David Painter, Judges.

APPEAL DISMISSED.

Stacy C. Auzenne
Auzenne Law Firm, L.L.C.
P.O. Drawer 11817
Alexandria, LA 71315-1817
Counsel for Defendant-Appellee:
    Tara Becnel, Individually and as Independent Testamentary Executrix of
    the Succession of Carol Alyene Finnegan

George C. Murray, Jr.
Attorney at Law
P.O. Box 1030
Vidalia, LA 71373

**Counsel for Plaintiff-Appellant:**
   **Kevin H. Finnegan**

**PAINTER, Judge.**

This case involves a surviving spouse's claim to the marital portion under La.Civ. Code art. 2432. Carol Alyene Finnegan (Mrs. Finnegan) died testate and was survived by her husband, Kevin Finnegan (Mr. Finnegan), and her three major children from another marriage. After the succession was opened, Mr. Finnegan filed a claim in the Seventh Judicial District Court to determine his alleged marital portion. Based on a marital contract in which the Finnegans had renounced their right to claim any inheritance from the other party's estate, Tara Becnel (Ms. Becnel), one of Mrs. Finnegan's children and executrix of her estate, filed exceptions of no right and no cause of action and a motion for summary judgment. The trial court denied the exceptions but granted the motion for summary judgment and dismissed Mr. Finnegan's petition. Mr. Finnegan appeals devolutively, contending that the trial court erred in disregarding La.Civ. Code art. 2330, which prohibits spouses from renouncing or altering the marital portion by agreement before or during marriage. Ms. Becnel asserts that the petition for devolutive appeal was not timely filed. We agree that the appeal was untimely and dismiss the appeal.

## DISCUSSION

*Timeliness of Appeal*

Ms. Becnel claims that Mr. Finnegan's devolutive appeal was untimely as it was not filed until November 9, 2006. Ms. Becnel claims that the delay for filing was Monday, November 6, 2006. Ms. Becnel bases this date on the following calculation. The judgment was signed on August 28, 2006, and notice was mailed on August 29, 2006. Accordingly, Ms. Becnel calculates Tuesday, September 5, 2006, as the delay for applying for a new trial (considering the Labor Day holiday of Monday, September 4, 2006). Sixty days from that date would be Friday, November 3, 2006.

1

Even though we disagree with Ms. Becnel's calculation because she does not exclude legal holidays from the computation of the delay for filing a motion for new trial,[1] we agree that the devolutive appeal was untimely based on the following computation.

Louisiana Code of Civil Procedure article 1974 provides that: "[t]he delay for applying for a new trial shall be seven days, exclusive of legal holidays. The delay for applying for a new trial commences to run on the day after the clerk has mailed, or the sheriff has served, the notice of judgment as required by Article 1913." In this case, the record reflects that notice of judgment was mailed on August 29, 2006. That means the delay for new trial did not begin to run until August 30, 2006. Saturday, Sunday and Labor Day, legal holidays, are not counted in the calculation of the delay for new trial. *See* La.Code Civ.P. art. and La.R.S. 1:55(E)(3). Thus, the delay for new trial expired on Friday, September 8, 2006. The record also reflects that no motion for new trial was filed in this case. The sixty-day delay for devolutive appeal began to run on Saturday, September 9, 2006. *See* La.Code Civ. P. arts. 2087 and 5059 and *Theodore v. Bank of New Orleans Trust Co.*, 347 So.2d 507 (La.App. 4 Cir. 1977). That delay expired on Tuesday, November 7, 2006. The record reflects that the motion and order for devolutive appeal were not filed until Thursday, November 9, 2006. Therefore, we must dismiss this appeal as untimely. All costs of this appeal are assessed to Plaintiff-Appellant, Kevin Finnegan.

**APPEAL DISMISSED.**

---

[1]Ms. Becnel asserts a date of Monday, November 6, 2006 as an alternate date of the expiration of the delay for devolutive appeal based on a calculation that makes Thursday, September 7, 2006 the expiration of the delay for new trial by considering that seven actual business days had to pass from the signing of the judgment.

2